UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SHANNON MEZIERE,<br><br>　　　　　Defendant. | No. 1:12-cr-237 - AWI<br><br>**ORDER REDUCING SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

　　　This matter came before the Court on the stipulated motion of the defendant for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The defendant was convicted of distribution of methamphetamine and in violation of 21 U.S.C. §§ 841 and 846, felon in possession of a firearm, in violation of 26 U.S.C. § 5861(d), and possession of an unregistered firearm, in violation of 18 U.S.C. § 922(g)(1). Doc. 36 at 1. The sentencing court sentenced defendant to a term of 150 months as to the drug offense and 120 months as to each of the weapons offenses, to be served concurrently for a total term of 150 months. The parties agree and, as described below, the Court finds that, as to his drug offense, Mr. Meziere is entitled to the benefit Amendment 782.

　　　The sentencing court found a base offense level of 32 pursuant to USSG § 2D1.1, as the quantity of actual methamphetamine involved in the offense is 50 grams or more but was less than 150 grams. *See* U.S.S.G. § 2D1.1(c)(4) (2013). The sentencing court applied a two-level enhancement for possession of a dangerous weapon, *see* U.S.S.G. 2D1.1(b)(1), and a three-level downward departure for super acceptance of responsibility, *see* U.S.S.G. § 3E.1(a) and (b). The defendant's total offense level was determined to be level 31. The defendant had a criminal

history category of VI. The guideline range was 188 to 235 months. Upon the government's motion, the sentencing court varied below the low end of the guideline range and imposed a sentence of 150 months as to Count 1.

Under the amended guidelines, a base offense level of 30 applies where the quantity of actual methamphetamine is 50 grams or more but is less than 150 grams. U.S.S.G. § 2D1.1(c)(5) (2015). Applying the same enhancements and reductions, *see* U.S.S.G. 1B1.10(b)(1), with an amended total offense level of 29 and a criminal history category of VI, the defendant's amended guideline range is 151 to 168 months. The application of Amendment 782 results in a lower sentencing range. Although the sentence imposed is lower than the low end of the amended sentencing range, the defendant falls within the limited exception to reducing sentences below the amended sentencing range. *See* U.S.S.G. 1B1.10(b)(2)(b). Applying a downward variance comparable to the variance that the sentencing court initially applied, the defendant's amended sentence should be 120 months.

This Court has considered the Section 3553(a) factors and, for the same reasons that the sentencing court ordered a sentence below the Guideline Range at the defendant's sentencing on August 25, 2014, the Court finds that the Section 3553(a) factors support a sentence below amended guideline range.

IT IS HEREBY ORDERED that, as to Count 1, the defendant's term of imprisonment imposed on August 25, 2014, is reduced to a term of 120 months, to be served concurrently with Counts 4 and 5 for a total term of 120 months. If this sentence is less than the amount of time the defendant has already served as of the date of this order, the sentence is reduced to a time served sentence.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an AO247 form reflecting the above reduction in sentence, and shall serve certified copies of the AO247 on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Meziere shall report to the United States Probation Office within seventy-two hours after his release.

The Clerk of the Court is respectfully directed to terminate this defendant and close the case.

IT IS SO ORDERED.

Dated:   June 2, 2016

_____
SENIOR DISTRICT JUDGE